# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08-cr-73-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| NEREYDA MENDEZ. | ) | |
| | ) | |

**THIS CAUSE** came on to be heard and was heard before the undersigned, pursuant to a motion filed by defendant's counsel entitled "Ex Parte Motion to Withdraw as Counsel of Record and for Appointment of Substitute Counsel" (#24). In the motion, defendant's counsel request permission to withdraw as counsel for the defendant. Upon the call of this matter on for hearing it appeared that the defendant was present and that Fredilyn Sison, who is an Assistant Federal Defender and colleague of Raquel K. Wilson, counsel for the defendant, was present and that the government was represented by Assistant United States Attorney Richard Edwards. Ms. Sison was appearing on behalf of Ms. Wilson who was unable to attend the hearing.

**Findings**. Ms. Sison advised that the defendant had told Ms. Wilson that the defendant's family was going to retain an attorney to represent the defendant, that being attorney Jack Stewart of the Buncombe County, North Carolina Bar. Ms. Sison further stated that as a result, Ms. Wilson desired to withdraw as counsel for the

defendant. The undersigned made inquiry of the defendant through Julia Davis, the court interpreter. The defendant advised that she appreciated the good services of Ms. Wilson but that it was the desire of her family to retain an attorney to defend Ms. Mendez. The court was further advised that Mr. Stewart was on vacation at the present time. An examination of the court file shows that Mr. Stewart has not made a general appearance in this matter. Upon further inquiry, the court found that this matter was set for trial during the September 2008 term.

**Discussion:** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. United States v Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v Slappy, 461 U.S. 1 (1983). Considering the motion herein, the undersigned has considered the following factors: (1) Timeliness of the motion; (2) Inquiry as to the reasons why the defendant does not wish for Ms. Wilson to represent her further; and (3) Whether or not there is such a conflict between the defendant and Ms. Wilson that is so great it has resulted in a total lack of communication preventing an adequate defense. United States v Gallop, 838 F.2d 105 (4th Cir. 1988).

At the time of the hearing of this motion it appears there was approximately thirty days remaining prior to the trial of this matter. It is the opinion of the undersigned that this factor must be weighed against granting the motion to withdraw of Ms. Wilson.

The undersigned inquired as to the reasons for the conflict between the defendant and Ms. Wilson. It appears there is not any conflict whatsoever between Ms. Wilson and the defendant. The defendant's family wishes to retain counsel for her. When such counsel has been retained, then it would be an appropriate time for Ms. Wilson to file a motion to withdraw.

The court has further examined the matter to determine whether or not there is such conflict between the defendant and Ms. Wilson that there is a total lack of communication between them preventing an adequate defense. That lack of communication appears to be that the defendant did not wish to discuss the case with Ms. Wilson because it was the defendant's opinion that her family was making efforts to retain an attorney. It does not appear there is any conflict between Ms. Wilson and the defendant. It would be in the best interest of the defendant to communicate with Ms. Wilson and be prepared for trial in case the defendant's family is unsuccessful in retaining Mr. Stewart. The fact that the defendant has not communicated with Ms. Wilson cannot be attributed to any conflict between the two persons. It would be in

the defendant's best interest to communicate with Ms. Wilson, but no one can require the defendant to act in her own self interest.

After considering all the factors, it appears there is little time before trial within which to appoint other counsel who has knowledge of the case that Ms. Wilson possesses. As a result of the inquiry made by the undersigned, the undersigned can find no good reason for appointment of another attorney at this time and that there does not appear to be a lack of communication between Ms. Wilson and the defendant that would prevent an adequate defense.

If the defendant actually retains counsel and another attorney files a notice of appearance in this matter, then Ms. Wilson should renew her motion.

**ORDER**

IT IS, THEREFORE, **ORDERED** that the motion entitled "Ex Parte Motion to Withdraw as Counsel of Record and for Appointment of Substitute Counsel" (#24) is hereby **DENIED** without prejudice.

Signed: August 11, 2008

Dennis L. Howell
United States Magistrate Judge